THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.
(Two cases.)

(Nos. 39417, 39418 and 39419—Decided October 20, 1965.)

*Mr. Norman J. Putman,* prosecuting attorney, and *Mr. Ira G. Turpin,* for appellee.

*Mr. Lawrence James Jones, Mr. George William Taylor* and *Mr. Van Robert Taylor, in propria personae.*

*Per Curiam.* In each of these cases, the defendant was convicted of a felony, a motion for leave to appeal was filed in the Court of Appeals after expiration of the time within which appeal could have been filed as a matter of right (see Section 2953.05, Revised Code), that motion was denied, and a motion for leave to appeal was allowed by this court.

Although a large number of questions were raised, this court was and is of the opinion that there was only one question raised which might possibly have justified a reversal of the judgments of conviction in these cases. That question was whether the trial court erred in admitting against these defendants the confession of one Hunter, who was indicted at the same time as the defendants for the commission of the same alleged crime but was tried separately, when Hunter was not called as a witness and defendants were given no opportunity to cross-examine Hunter.

On examining the records, there is nothing to indicate that any such question was presented to the Court of Appeals.

Until the defendant in each case does advise the Court of Appeals on a motion for leave to appeal that he will present such a question if he is allowed to appeal and the Court of Appeals thereafter denies such motion, we cannot reasonably hold

that there has been an abuse of discretion by the Court of Appeals. If this court should now consider such a question before it had been presented to the Court of Appeals, we would be permitting the defendant to bypass the Court of Appeals and, in effect, appeal from the judgment of the Common Pleas Court directly to this court. Our Constitution does not authorize any such short-cut. The appeal in each of these cases is therefore dismissed on the ground that the motion for leave to appeal was improvidently allowed.

*Appeals dismissed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.

HERBERT, J., concurring. I concur in the opinion of the court in order to emphasize the importance of *Pointer* v. *Texas* (April 5, 1965), 85 S. Ct. 1065, which makes available to accused persons in state courts the fundamental rights provided by the Sixth Amendment to the Constitution of the United States.

It reads as follows:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * * and to have the assistance of counsel for his defense."

It appears that the accused in the cases at bar were denied this fundamental right of confrontation now made obligatory on the states.

The appellants, however, did not assign or specify this denial as error before the Court of Appeals on November 12, 1964, when they sought leave to appeal, obviously because *Pointer* v. *Texas, supra,* had not yet been decided.

This claim of a substantial federal right should be heard and, as a matter of federal law, must be heard. See *Henry* v. *Mississippi*, 13 L. Ed. 2d 408, 415.

Orderly, as well as fair, procedure requires that the Court of Appeals be afforded the opportunity to reconsider its judgments in the light of *Pointer* v. *Texas.*

It appears further that these appeals are dismissed by this court, in order that appellants may apply again to the Court

of Appeals for leave to appeal and to present a substantial federal claim.

An appellate court in Ohio has discretion to consider and decide errors not assigned or specified. *State* v. *Schaeffer* (1917), 96 Ohio St. 215, 218, 219; Section 2505.21 of the Revised Code. I do not believe that the *per curiam* opinion should be read as casting any doubt on the vitality of *Schaeffer* or the validity of the statute.

In further proceedings in these causes, the right of the accused of assistance of counsel set out in the Sixth Amendment should be recognized as well as the intent of the General Assembly as expressed in amendments to Sections 2941.50 and 2941.51, Revised Code (H. B. No. 362, filed in the office of the Secretary of State on August 12, 1965).

For further reference to the federal rights of indigent prisoners see *Douglas et al.* v. *California* (March 18, 1963), 372 U. S. 353; *Griffin* v. *Illinois* (1956), 351 U. S. 12; *Draper* v. *Washington* (March 18, 1963), 372 U. S. 487.

SCHNEIDER, J., concurs in the foregoing concurring opinion.