THE STATE OF OHIO, APPELLEE, *v.* BENTON, APPELLANT.

(No. 70-545—Decided July 7, 1971.)

Mr. *Simon Leis, Jr.*, prosecuting attorney, and *Mr. Leonard Kirschner*, for appellee.

Messrs. *Beers & Colegrove* and *Mr. Donald F. Colegrove*, for appellant.

STERN, J. The question presented is whether a convicted indigent defendant, who was not represented by counsel after his conviction during the period in which a notice of appeal could have been filed, may in a postconviction proceeding raise contentions that he was not informed of the procedure by which to appeal, and of his right to court-appointed counsel for such an appeal.

R. C. 2953.21(A) states:

"Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the *judgment* void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief." (Emphasis added.)

R. C. 2953.05 provides:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in

felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the Supreme Court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the Court of Appeals in all cases as provided by law.''

Dispositive of the question presented in this case, is the syllabus in *State* v. *Perry* (1967), 10 Ohio St. 2d 175, which reads, in part:

''4. A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.*, Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.

''* * *

''7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

''8. The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether postconviction relief should be given under Section 2953.21 *et seq.*, Revised Code.

''9. Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,*

which resulted in that judgment of conviction, *or on an appeal* from that judgment."

One can readily observe from a reading of the facts, as alleged in appellant's postconviction petition, that the alleged errors raised therein deal with matters which arose *subsequent* to his sentencing. Those were matters which, in the words of *Perry*, "could have been raised by the defendant * * * on an appeal from that judgment." (Paragraph nine of the syllabus in *Perry, supra*.) By the decision which we render in this case today, we have not foreclosed the appellant from a review of the alleged constitutional errors which he has asserted. In the posture of this case, those errors may be raised by a motion for leave to appeal to the Court of Appeals. See *State* v. *Sims* (1971), 27 Ohio St. 2d 79.

Regarding the appellant's claim pertaining to a transcript, in the absence of a showing as to why a narrative bill of exceptions could not be procured, and in the absence of any indication that an attempt was made to have someone else interpret the court reporter's notes, this contention is without merit. Moreover, in view of our statements in *State, ex rel. Catlino*, v. *Clerk of Courts* (1967), 9 Ohio St. 2d 101, and *State* v. *Sims, supra*, until a motion for leave to appeal is sustained, there is no absolute requirement that a transcript be furnished.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and LEACH, JJ., concur.