**Bruce Alan RILEY, Petitioner,**

v.

**Joseph HAVENER, Superintendent, Respondent.**

**No. C 74–289.**

United States District Court, N. D. Ohio, E. D.

Aug. 23, 1974.

Kenneth P. Rothgery and Stephen G. Meckler of Spike, Meckler, Rothgery & Gurchik, Elyria, Ohio, for petitioner.

Thomas D. Rooney, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the amended petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b) and (c).

Petitioner was indicted for the crimes of possession of cocaine for sale and the sale of a narcotic drug. He was represented by counsel at trial and the jury returned a verdict of guilty on both counts of the indictment. An appeal to the state court of appeals during which he was again represented by counsel was decided adversely to petitioner. His *pro se* appeal to the Ohio Supreme Court was dismissed for failure to raise a substantial constitutional question.

Respondent submits that as to all claims except those challenging the constitutionality of the Ohio notice of alibi statute, O.R.C. § 2945.58, petitioner's state remedies have been exhausted. As to the constitutional challenge, which was never fairly presented to the Ohio appellate courts, respondent contends that the remedy of delayed appeal pursuant to O.R.C. § 2953.05 is presently available. The State argues, citing Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that a prisoner must fairly present each constitutional objection to the validity of his confinement to the state courts in order to satisfy the exhaustion requirement of section 2254. *Picard* assumed, however, that state remedies were then available to the federal habeas petitioner and that he failed to utilize them. The issue presented in the instant case is whether a delayed appeal is available to an Ohio prisoner who has previously been unsuccessful on his direct appeals.

The Sixth Circuit Court of Appeals has uniformly held that a delayed appeal must be attempted before a prisoner may proceed under section 2254. *See, e. g.* Cox v. Cardwell, 464 F.2d 639, 654 (6th Cir. 1972); Allen v. Perini, 424 F. 2d 134, 140 (6th Cir. 1970). But, no Sixth Circuit cases have involved a petitioner who has taken a timely and direct appeal in the Ohio courts.

The respondent cites two cases in support of the proposition that a delayed appeal is presently available to the petitioner: State v. Jones, 4 Ohio St.2d 13, 211 N.E.2d 198 (1965) (J. Herbert, concurring) and Lewis v. Cardwell 354 F.Supp. 26 (S.D.Ohio 1972). State v. Jones is inapposite. There Justice Herbert noted only that where a prior motion for leave to appeal has been denied a second and similar motion is not precluded. *Jones, supra,* at 14, 211 N.E.2d 198. In Lewis v. Cardwell, *supra,* 354 F.Supp. at 35, Judge Kinneary pointed out that there are no Ohio cases which construe O.R.C. § 2953.05 to permit a delayed appeal after all direct appeals have been lost; the Court held, however, that this statute "should be construed liberally in favor of granting a [state] remedial process through which constitutional

questions may be raised." [1] This court respectfully disagrees.

O.R.C. § 2953.05 provides in pertinent part:

> Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence . . . . After the expiration of the thirty day period . . . such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the court of appeals in all cases as provided by law.

The plain meaning of the language does not indicate that the Ohio legislature contemplated successive filing of delayed appeal motions after a timely appeal had been perfected and decided. And although respondent does not indicate in which level of appellate court the petitioner should seek leave, the statute does not appear to authorize a delayed appeal to the Ohio Supreme Court. *See* Harris v. Cardwell, 447 F.2d 1339, 1340 (6th Cir. 1971); Terrell v. Perini, 414 F.2d 1231, 1234 (6th Cir. 1969). In any event, this petitioner has already taken timely appeals at both levels.

■ Rather than simply relying on the language of the statute, an examination of the Ohio post-conviction remedy, O.R.C. § 2953.21–2953.24, is instructive. O.R.C. § 2953.21(A) provides:

> Any person convicted of a criminal offense . . . claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence . . . asking the court to vacate or set aside the judgment or sentence . . . . .

The Ohio Supreme Court has given this statute an extremely limited application by applying the doctrine of *res judicata* to petitions seeking such relief. Coley v. Alvis, 381 F.2d 870, 872 (6th Cir. 1967). In State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), the Court held:

> "4. A prisoner is entitled to postconviction relief under Section 2953.21 *et seq.*, Revised Code, only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.
>
> 5. A judgment of conviction is void within the meaning of Section 2953.21 *et seq.*, Revised Code, if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, *i. e.*, jurisdiction to try the defendant for the crime for which he was convicted.
>
> 6. Where a judgment of conviction is rendered by a court having jurisdiction of the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant.
>
> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
>
> 8. The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether postconviction relief should be given under Section 2953.21 *et seq.*, Revised Code.

---

1. It must be pointed out that Judge Kinneary's opinion which granted relief on the remaining issue where the Court found exhaustion was recently affirmed. Lewis v. Cardwell, 476 F.2d 467 (6th Cir. 1973).

9. Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment."

Ohio courts have continued to apply this doctrine to constitutional issues which could have been raised on direct appeal. *See* State v. Benton, 27 Ohio St.2d 87, 272 N.E.2d 92 (1971); State v. Juliano, 24 Ohio St.2d 117, 265 N.E.2d 290 (1970); State v. Duling, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970). Thus, in the procedural context of the post-conviction remedy, the constitutional claims raised by petitioner's federal habeas corpus petition would be precluded by *Perry* from consideration in the state courts. The claim *could* have been raised on his direct appeal, in which petitioner was represented by counsel, and would now be *res judicata.*[2] State v. Perry, *supra.*

To hold that this petitioner should pursue a delayed appeal after he has taken his direct appeals would be in effect to rule that section 2953.05 supplants the post-conviction statute, section 2953.21. Such a construction would completely nullify the holding in State v. Perry, *supra,* as to the *res judicata* effect of the first appeal. Any expansion of state post-conviction remedies should not be created by a federal court, but must come from the Ohio courts or the Ohio legislature.

It could be argued that under State v. Benton, *supra,* 27 Ohio St.2d 87, 272 N. E.2d 92 (1971), a contrary result is indicated. There an indigent defendant was represented at trial by court-appointed counsel. The defendant did not appeal his case, but sought to raise various issues in a post conviction proceeding. The Court, applying the *Perry* decision, held that the issues could have

been raised on an appeal and were *res judicata* in the post-conviction proceeding. It was then suggested that Benton could seek leave to appeal in the court of appeals under O.R.C. § 2953.05. Without more, it could be asserted that under *Benton* a delayed appeal will lie even though the claims are *res judicata* in a post conviction proceeding. However, the case also indicates that Benton, who was not represented by counsel after his conviction, claimed that he was not informed of the procedure by which he could directly appeal, nor was he advised of his right to counsel in appellate proceedings. In arriving at its conclusion that leave to appeal should be sought, the *Benton* Court relied on State v. Sims, 27 Ohio St.2d 79, 85, 272 N.E.2d 87, 91 (1971). There it was held:

"[T]hat . . . in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an appeal could be taken, it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination. To rule otherwise, would be to make the appellant's right of direct appeal and his right to counsel for such a direct appeal merely 'sound and fury signifying nothing.'"

*Benton,* therefore, stands only for the proposition that although a post-conviction proceeding may be foreclosed by the failure to directly appeal, an indigent prisoner cannot be deprived of the opportunity to seek a delayed appeal when he allegedly was not given notice of his rights to a direct appeal and court-appointed counsel. The *res judicata* effect inherent in the appeal of an Ohio judgment in which the appellant was represented by counsel is not limited by *Benton.*

■ There is also no suggestion that petitioner deliberately by-passed an op-

---

**2.** State habeas corpus is also not presently available to this petitioner. *See* Freeman v.

Maxwell, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965).

portunity to air his constitutional claim in the state courts. *See* Hensley v. Municipal Court, 411 U.S. 345, 346 N.3, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Petitioner bases his claim on Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), which was decided after his appeal to the state court of appeals and shortly before the dismissal of his *pro se* appeal to the Ohio Supreme Court. Under these circumstances it cannot be said that petitioner "knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts . . . that can fairly be described as the deliberate by-passing of state procedures . . . ." Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). *See also* Jackson v. Denno, 378 U.S. 368, 370 n.1, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

There being no deliberate by-pass and no presently available state forum for consideration of petitioner's claims, the Court may proceed to the merits of the case. Fay v. Noia, *supra*.

A return is hereby ordered.

It is so ordered.