**George MEEKS, Petitioner-Appellant,**

v.

**Arnold R. JAGO, Respondent-Appellee.**

**No. 75–2515.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1976.

Decided Dec. 30, 1976.

Rehearing Denied March 4, 1977.

Paul Mancino, Jr., Mancino, Mancino & Mancino, Cleveland, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by the appellant, George Meeks, from a judgment of the United States District Court for the Northern District of Ohio, denying his petition for a writ of habeas corpus. The appellant was indicted by the 1973 term of the Cuyahoga County, Ohio, Grand Jury on two counts of armed robbery and one count of assault with intent to rob in violation of former Sections 2901.13 and 2901.24, respectively, of Ohio Revised Code. He was found guilty after a jury trial on two counts of armed robbery and sentenced to serve two indeterminate terms of not less than ten nor more than twenty five years of imprisonment in the Ohio Penitentiary. (Cuyahoga County Court of Common Pleas, Case No. CR–7936, Dec. 13, 1976). These terms of imprisonment were ordered to be served concurrently with each other and concurrently with other sentences already in effect.

Appellant appealed this conviction to the Cuyahoga County Court of Appeals, alleging 18 assignments of error. In a Decision and Order of December 12, 1974, the Court of Appeals considered each assignment, found no error and affirmed the conviction. On March 10, 1975, appellant filed a Notice of Appeal with the Cuyahoga County Court of Appeals and, subsequently, on April 4, 1975, filed a memorandum in support of jurisdiction with the Supreme Court of Ohio.

In this memorandum the appellant sets forth specifically, five propositions of law, as follows:

I. In the prosecution of an armed robbery charge where the only evidence showing that the defendant on trial committed the offense is identification testimony the defendant is entitled to have the jury instructed either in form or in substance as to the subject of identification testimony and the refusal of the court to give any instructions at all concerning the subject of identification testimony constitutes prejudicial and reversible error.

II. Where the jury during its deliberations requests that the court read to them a portion of the testimony of a witness, it is an abuse of discretion by the trial court to refuse to read to the jury the testimony of the witness so requested.

III. In a criminal case where testimony of a police officer is used as to the manner and means by which an identification of an accused is made by witnesses to an armed robbery and where the jury can infer from this testimony that the defendant has a criminal record, the use of this testimony constitutes prejudicial and reversible error.

IV. The provisions of House Bill 511 which became effective on January 1, 1974, which provide for lesser penalties for the same offense depending upon the date of conviction or sentencing are arbitrary and unreasonable and denied to the defendant in this case equal protection of the laws and due process of law.

V. In the trial of a criminal case, the use of business records even as rebuttal evidence, constitutes a denial of confrontation and cross-examination guaranteed by the Sixth Amendment to the Constitution.

It is alleged by appellant in his petition to the District Court that his appeal to the Supreme Court of Ohio was dismissed on the ground that no substantial questions were involved. The District Judge states in his final order,

"The Supreme Court of Ohio dismissed Petitioner's appeal, *sua sponte*, on May 9, 1975 for want of a substantial constitutional question."

This is supported by copy of Supreme Court's order in Case No. 75-294, attached to brief of counsel for appellant as Appendix "L".

In his petition for a writ of habeas corpus before the District Court, the appellant alleged fourteen grounds for relief, as follows:

(1) The trial court erred in not dismissing the charges against Petitioner because he was denied a speedy trial;

(2) The trial court erred in limiting the scope of a motion to suppress hearing;

(3) Petitioner was denied his right to a fair trial when the trial court refused to submit to the jury Petitioner's properly requested special written instruction pertaining to identification testimony;

(4) Petitioner was denied his right to due process when the trial court stated to the jury that Petitioner was presumed to intend all of the natural and probable consequences of his voluntary act;

(5) Petitioner was denied his rights to due process and equal protection because he was convicted and sentenced prior to January 1, 1974, the effective date of House Bill 511, whereafter Petitioner would have received a lighter sentence and that such distinction was arbitrary and unreasonable;

(6) Petitioner was denied his right to a fair trial when a prosecution rebuttal witness, the Deputy Warden of the Marion Correctional Institution, was permitted to testify to Petitioner's whereabouts on certain dates, which testimony conveyed to the jury that Petitioner was in jail on these dates;

(7) Petitioner was deprived of his right to a fair trial due to prejudicial prosecutorial statements during closing arguments to the jury;

(8) Petitioner was deprived of his right to a fair trial when the trial court failed to declare a mistrial after a juror had been seen talking with an assistant county prosecutor;

(9) Petitioner was deprived of his right to a fair trial when the trial court refused to reread the testimony of a prosecution witness upon the jury's request during jury deliberations;

(10) Petitioner's constitutional rights were violated when the trial court overruled Petitioner's motion to suppress and held that no improperly seized evidence was used at trial;

(11) Petitioner was deprived of his right to a fair trial when a defense witness testified in court wearing a prison uniform;

(12) Petitioner was deprived of his right to a fair trial when direct and indirect references were made about Petitioner's criminal record;

(13) Petitioner was deprived of his right to a fair trial when the trial court permitted direct examination by the prosecutor

concerning photographs used in the identification process, and such use of the photographs inferred to the jury that Petitioner had a prior criminal record; and (14) Petitioner was deprived of his rights of cross examination and confrontation when the trial court permitted a prosecution rebuttal witness to read from books and records whose entries were neither personally made by the witness nor made under the witness' direction and control.

These alleged assignments of constitutional violation are all contained in the eighteen assignments of error in the appellant's appeal to the Court of Appeals of Cuyahoga County, Ohio.

The District Judge found that the appellant had failed to exhaust State remedies with respect to assignments (1), (2), (4), (6), (7), (8), (10), (11) and (12). He, accordingly, dismissed those assignments of constitutional violation for failure to exhaust available State remedies, that is a disposition of those claims by the Supreme Court of Ohio. (Sec. 2254(a), (b), (c), 28 U.S.C.; *Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 30 L.Ed.2d 438). This dismissal is the first alleged error committed by the District Judge.

As previously stated, the appellant in his memorandum to the Supreme Court of Ohio, in support of jurisdiction, alleged five specific assignments of error or presumably constitutional violations. The Prosecuting Attorney, in his memorandum opposing jurisdiction, argued only these five specifications. In the appellant's memorandum, he has an "Appendix 'B'—Statement of Assignments of error presented for review." Here then, following the eighteen assignments of error that were the subject of the appeal to the State Court of Appeals. "Appendix 'C'" is the Journal Entry, from "Court of Appeals of Ohio, Eighth District, County of Cuyahoga."

In the conclusion to the memorandum, it is stated,

"This case does present several issues of extreme importance in the trial of criminal cases and issues which have not been decided previously by this court and which will undoubtedly occur in future trials of criminal cases. Therefore, the motion of the defendant for leave to appeal should be granted and this case be considered by this court upon a consideration of the entire record."

In the memorandum to which reference is made herein, counsel for appellant does not make the appendices a part of the main brief. Furthermore, assignments of error which may be the subject of a direct appeal do not necessarily raise constitutional questions which are required for a federal habeas corpus action. It is essential that, in a habeas corpus action in the federal court, the petitioner must bring to the attention of the state court the constitutional claims upon which he relies. *Picard v. Connor*, supra, 277, 92 S.Ct. 509.

Since the order of the Supreme Court of Ohio, dismissing the appellant's appeal for the reason that no substantial constitutional question exists, is general and does not state specifically what it included in its consideration of the appeal, we conclude as did the District Judge from the form of the memorandum and the brief of the prosecuting attorney, that it considered only the specific propositions of law listed and argued.

Accordingly, we cannot find from the record before us that the appellant has exhausted his state remedies on assignments (1), (2), (4), (6), (7), (8), (10), (11) and (12) as contained in the order of the District Judge and alleged in the petition to the District Court.

We come now to a consideration of the specific claims made by counsel for appellant, in his memorandum to the Supreme Court of Ohio, in support of jurisdiction.

In propositions of law Nos. I, II and III, counsel does not argue a constitutional violation. The subject of these propositions is such as might be assignments of error in a direct appeal. In his conclusion to his memorandum above quoted, he says:

"This case does present several issues of extreme importance in the trial of criminal cases and issues which have not

138

been decided previously by this court and which will undoubtedly occur in future trials of criminal cases."

We agree with the Supreme Court of Ohio that they do not present a substantial constitutional question. We also agree with the disposition of them by the District Judge in concluding that they do not constitute a basis for granting a writ of habeas corpus.

■ Appellant in Proposition of Law No. IV claims that he was denied Equal Protection of the Laws and Due Process of Law in violation of his constitutional rights. He was indicted by the January 1973 term of the Cuyahoga County Grand Jury on two counts of armed robbery under Section 2901.13 Ohio Revised Code as it existed at that time. He was convicted on both counts of armed robbery and sentenced on December 13, 1973. He was sentenced to serve ten to twenty five years in prison, as required at that time by the statute under which he was indicted and convicted.

A new Section became effective January 1, 1974, which provided for a lesser sentence on conviction for robbery than was provided by former Section 2901.13. This Section provided that any person convicted or sentenced after the effective date of this Section should be sentenced in accordance with the new Section. The appellant claims that he was entitled to sentencing under the new Section.

Both the State Court of Appeals and the District Judge held that he was not denied Equal Protection of the Laws or Due Process of Law as long as sentence was imposed according to the statute applicable at the time of sentence. We agree.

■ In his Proposition of Law No. V, counsel claims that, through the use of business records for rebuttal testimony, the appellant was denied the right of confrontation and cross-examination guaranteed by the Sixth Amendment.

At the trial the appellant asserted an alibi as an affirmative defense. Two defense witnesses testified that the appellant drove them to a beauty shop on the afternoon of the alleged robbery where one of the witnesses, Peggy Camille, testified she had an appointment. The prosecution called the manager of the beauty shop as a rebuttal witness. She produced the shop's appointment book, testified that she had custody of it and that there was no record of an appointment by Peggy Camille on the date in question.

This was rebuttal testimony and was not in proof of an element of the crime. We find no merit to this claim and agree with the reasoning and conclusion of the District Judge that it could not be a basis for granting a writ of habeas corpus.

We find that the Propositions of Law as stated by counsel for appellant, in his memorandum in support of jurisdiction, show on their face that appellant was not entitled to relief in habeas corpus. Accordingly, the District Judge did not err in not granting an oral hearing.

The judgment of the District Court is affirmed.