**Ronald Thomas COLLINS, Petitioner,**

v.

**E. P. PERINI, Respondent.**

No. C77–378.

United States District Court,
N. D. Ohio, E. D.

March 2, 1978.

Robert J. Croyle, Akron, Ohio, for petitioner.

Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## ORDER

MANOS, District Judge.

On June 24, 1977 the petitioner, Ronald Thomas Collins, filed a petition for a writ of habeas corpus. The petition raised two grounds for relief:

1. The admission into evidence of inculpatory statements by the accused violates his fifth and fourteenth amendment rights when it has not been established at trial by the prosecution that he was advised of his absolute right against self-incrimination.

2. When a defendant in a criminal trial is denied an in-camera inspection of the prior written statements of a key prosecution witness and is thereby precluded from effectively impeaching the witness on cross-examination, the defendant is denied his right of due process and confrontation.

On September 26, 1977 the respondent filed a return of writ in which he moved, *inter alia*, that the petitioner's second ground for relief be dismissed for failure to exhaust state judicial remedies.[1]

## FINDINGS OF FACT

The facts pertinent to the respondent's motion to dismiss are undisputed. In June of 1973 the petitioner was tried in Cuyahoga County Common Pleas Court by a jury in Case No. CR 5426. During the trial the petitioner requested that there be an in camera inspection of a written report made by Robert Hanlon of the Cleveland Police Department while investigating Case No. CR 5426. The Common Pleas Court Judge refused the request and the petitioner noted his objection for the record. *See* transcript pp. 272–273. On June 8, 1973 the petitioner was found guilty of one count each of the following: shooting, in violation of former Ohio Revised Code § 2901.23; robbery of a financial institution, in violation of former Ohio Revised Code § 2907.141; and armed robbery, in violation of former Ohio Revised Code § 2901.13.

The petitioner appealed his conviction in Case No. CR 5426 to the Eighth District Court of Appeals of Ohio, alleging the following two assignments of error:

1. The trial court erred in admitting into evidence appellant's oral statement which was made without adequate warnings required in order to knowingly, intelligently, and voluntarily waive his privilege against self incrimination under the Fifth and Fourteenth Amendments of the United States Constitution.

2. The admission of appellant's oral statement constituted reversible error since the remaining evidence introduced at the trial could not support a verdict of guilty beyond a reasonable doubt.

On May 30, 1974 the Court of Appeals affirmed the judgment of the Common Pleas Court.

On July 31, 1974 petitioner filed a notice of appeal in the Ohio Supreme Court, raising the same two assignments of error he had raised in the Court of Appeals. On November 22, 1974 the Ohio Supreme Court

---

1. This order deals solely with the respondent's motion to dismiss the petitioner's second ground for relief for failure to exhaust.

dismissed the appeal for want of a substantial constitutional question.

The court finds that the petitioner appealed his conviction in Case No. CR 5426 to an Ohio Court of Appeals and the Ohio Supreme Court. The court also finds, however, that the petitioner did not assign as error in either the Court of Appeals or the Ohio Supreme Court the failure of the trial court to hold an in camera inspection of Detective Hanlon's report. Accordingly, the court finds that Ohio appellate courts have had no opportunity to review the petitioner's second ground in support of his petition for a writ of habeas corpus.

## CONCLUSIONS OF LAW

28 U.S.C. § 2254 reads in part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The above-quoted language requires the petitioner to exhaust all state judicial remedies, available as of right, prior to seeking a writ of habeas corpus in federal court. *See e. g. Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Meeks v. Jago,* 548 F.2d 134, 137 (6th Cir. 1976); *Balthazar v. Superior Ct. of Com. of Mass.,* 428 F.Supp. 425, 428–429 (D.Mass. 1977). The exhaustion doctrine is bottomed on the necessity of reducing friction between the two parts of our dual court system, state and federal. *See United States ex rel. Reis v. Wainwright,* 525 F.2d 1269, 1272 (5th Cir. 1976). This is done by restricting federal intervention into the state legal process until a time when that process

is completed, or "exhausted." *See e. g. Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Cage v. Auger,* 514 F.2d 1231, 1232 (8th Cir. 1975).

■ Here, the respondent argues that the state legal process is not completed; that in fact the state has never had an opportunity to pass on the petitioner's second ground for relief and that the concept of comity between federal and state systems requires this court to abstain from ruling on the merits of the petitioner's second claim. The court agrees with the respondent that as a general rule the state judicial system must have the first opportunity to pass on any alleged constitutional error made in state court. As the United States Supreme Court has stated:

> Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard v. Connor, supra,* 404 U.S. at 276, 92 S.Ct. at 512. *See also Balthazar v. Superior Ct. of Com. of Mass., supra,* 428 F.Supp. at 430 ["What is required is that a state be given an opportunity to consider a claim *if it wants to do so*]." However, a petitioner will at no time be required to return to the state judicial system if it is clear that his attempt to obtain a hearing on his claim is futile. *See e. g., Woodards v. Cardwell,* 430 F.2d 978, 980 (6th Cir. 1970); *Matthews v. Wingo,* 474 F.2d 1266, 1268 (6th Cir. 1973). *Kelly v. Wingo,* 472 F.2d 717, 719 (6th Cir. 1973). As the Sixth Circuit stated:

> Where there are circumstances rendering the State corrective process ineffective to protect a prisoner's rights, federal habeas corpus relief may be granted without requiring a futile exhaustion of State remedies.

*Terry v. Wingo,* 454 F.2d 694, 695 (1972).

The sole remaining question is whether there is a state procedure by which Ronald Collins could obtain review of his second federal ground for relief. The respondent

argues that Collins has the remedy of delayed appeal. Ohio Rule of Appellate Procedure 5(A) provides in part:

> After the expiration of the thirty day period provided by Rule 4(B) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. In such event, a motion for leave to appeal shall be filed with the court of appeals setting forth the reasons for the *failure of the appellant to perfect an appeal as of right* . . . .

Ohio Revised Code § 2953.05 states in part:

> After the expiration of the thirty day period or ten day period as provided above, *such appeal* may be taken only by leave of the court . . . .

It is undisputed that a petitioner who has not taken a direct appeal in a case must go through the Ohio procedure of delayed appeal under Rule 5 and § 2953.05 in order to exhaust for the purpose of federal habeas. *See e. g., Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970); *Watson v. Jago*, 558 F.2d 330, 331 (6th Cir. 1977); *Love v. Perini*, 418 F.2d 905, 906 (6th Cir. 1969). However in this case Collins has taken a direct appeal on the first ground for relief presented in federal habeas corpus, but not on the second. Petitioner argues that once a direct appeal has been taken in a given case, delayed appeal is no longer available. Petitioner points to the language of Rule 5(A) that a *motion for* delayed appeal must set forth reasons for the ". . . failure of the appellant to perfect an appeal as of right. . . ." Petitioner argues that since he has taken a direct appeal in Case No. CR 5426 the remedy of delayed appeal cannot apply because he clearly has not "fail[ed] . . . to perfect an appeal as of right. . . ." Further petitioner points to the language of § 2953.05 where the words "such appeal" are used instead of "an appeal." He argues that § 2953.05 contemplated that delayed appeal was in-

tended to be a substitute "for, and not a supplement to, direct appeals." *See* Reply to Respondent's Return of Writ, p. 2.

The respondent disputes the petitioner's interpretation of Rule 5(A) and § 2953.05 and emphasizes that the state must be given the chance to review the petitioner's new assignment of error. The respondent argues that if the petitioner is not required to exhaust a new assignment of error he can intentionally bypass the state system with his best arguments and have them heard *de novo* in federal court.

■ The issue presented here, i. e. whether, after a direct appeal, a new ground for relief must be presented to the Ohio courts on delayed appeal to satisfy the exhaustion requirement, has never been passed on by the Sixth Circuit.[2] There are, however, a number of district court opinions which have dealt with this question. The first such case was *Lewis v. Cardwell*,[3] 354 F.Supp. 26 (S.D.Ohio E.D.1972). In *Lewis* the court found that there was a right to delayed appeal after a direct appeal. The court stated:

> This Court believes that § 2953.05, Ohio Revised Code should be construed liberally in favor of granting a remedial process through which constitutional questions may be raised.
>
> The existing Ohio case law is consistent with this interpretation. Therefore, the Court concludes that if petitioner can show good cause why these issues were not presented on direct appeal, he has available the state court remedy of a delayed appeal.

*Id.* at 35. However the *Lewis* court did admit:

> This Court can find no reported case deciding whether a delayed appeal lies to raise issues which were not raised on direct appeal.

---

**2.** The Sixth Circuit has ruled that a delayed appeal must be taken in the Supreme Court of Ohio, in similar circumstances as presented here. *See Meeks v. Jago, supra,* 548 F.2d at 137. However the Ohio Supreme Court has substantially different rules governing delayed

appeal. *See* Rule 11 § 8 Rules of Practice of the Supreme Court of Ohio.

**3.** *See also Roush v. White*, 389 F.Supp. 396, 399 (N.D.Ohio E.D.1975) which appears to follow *Lewis v. Cardwell.*

*Lewis v. Cardwell, supra,* 354 F.Supp. at 35. The second case was *Riley v. Havener,*[4] 391 F.Supp. 1177 (N.D.Ohio E.D.1974). In *Riley* the court found that Ohio delayed appeal may not be invoked after a direct appeal has been taken. The *Riley* court stated:

> The plain meaning of the language [in R.C. § 2953.05] does not indicate that Ohio legislature contemplated successive filing of delayed appeal motions after a timely appeal had been perfected and decided.

*Id.* at 1179.[5]

This court agrees with the holding of the court in *Riley v. Havener,* though for somewhat different reasons.[6]

As previously discussed the law requires a federal court to abstain from hearing a petition for federal habeas corpus if the petitioner could obtain a hearing on the claim in state court. Here, if there was any indication in Ohio case law that a hearing could be obtained on the petitioner's second claim in an Ohio court, this court would dismiss the claim for failure to exhaust, because Ohio appellate courts have had no opportunity to pass on the alleged error. However this court finds, like the *Lewis* court six years earlier, and the *Riley* court three years earlier, that there are no reported cases allowing a petitioner to raise issues on delayed appeal which were not raised on a previously argued direct appeal.[7] The respondent has moved that the second ground of the Collins' petition be dismissed for failure to exhaust. It is respondent's burden to show that there is a viable and non-futile procedure for review in Ohio courts that Collins must exhaust. This court has been given no reason to believe that Ohio courts would recognize that the petitioner has a right to delayed appeal.[8] The court finds itself in much the same position as the Sixth Circuit faced in *Allen v. Perini* when it stated:

> This court would prefer strongly to agree with the contention of the State on this point. It would be highly desirable for Ohio prisoners to have all the relief available in the State courts of Ohio that is available by federal habeas corpus. The

---

4. There have also been a number of unreported decisions dealing with the issue presented here in both *Carlos Aleman Jr. v. Havener,* C74–442 (N.D.Ohio E.D. Oct. 16, 1974) and *Benny Sanders v. Jago,* C76–643 (N.D.Ohio E.D. Nov. 11, 1976). The court found that once an appellant takes a direct appeal he is precluded from taking a delayed appeal. As the court in *Sanders* stated:

    There is no Ohio case which has decided whether or not a delayed appeal is possible under this [2953.05] statute by a defendant who has already pursued appeals through the Ohio court of appeals and Ohio Supreme Court. However, this court finds nothing in the language of this statute that would authorize an Ohio defendant to pursue multiple or piecemeal appeals from a state conviction. *Id.* at p. 4.

5. The *Riley* court found a number of other rationales supporting its decision. *See Riley v. Havener, supra,* 391 F.Supp. at 1179–1180.

6. This court need not discuss the various possible interpretations of the Ohio statutes allowing delayed appeal, as the power to interpret such statutes is exclusively held by Ohio courts.

7. There are unreported Ohio cases on this issue. Among the unreported cases from the Ohio courts of appeals submitted by the petitioner is *State v. Brown,* No. 74AP–1 (10th Appellate District, Franklin Cty. 1974). In *Brown* the court stated:

    The question initially presented is whether a defendant in a criminal case is entitled to a second appeal from his judgment of conviction by way of delayed appeal, where he contends that there was error of the trial court not brought to the attention of the Court of Appeals in the original direct appeal. We find that a defendant is entitled to only one appeal, not successive appeals, and that there can be no delayed appeal where the defendant has unsuccessfully prosecuted a direct appeal. *Id.* at p. 2.

8. In fact the unreported cases referred to in footnote 7 give this court every reason to believe that delayed appeal is not available to petitioner. The court notes that the views expressed in the unreported cases provided by the petitioner, *i. e.* that delayed appeal is not available to an appellant who has gone through direct appeal, is in accord with the view that the Eighth District Court of Appeals of Ohio took during my service on that bench.

judges of this Court as well as the United States District Judges of Ohio would prefer that these issues be determined by State courts, as contemplated in *Townsend v. Sain.* This Court would welcome an opportunity to hold that *Coley v. Alvin,* is no longer applicable in Ohio. We have been cited to no decision, however, that convinces us that the Supreme Court of Ohio did not mean what is said in *State v. Perry.*

*Allen v. Perini, supra,* 424 F.2d at 139–140 [citations omitted].

▮ It is the duty of federal courts to preserve as a meaningful and non-futile remedy the right of a state prisoner to file a federal habeas corpus petition. Ohio courts have not allowed a delayed appeal in the same case that a direct appeal has previously been argued. To require Collins to go back to state court to make a futile gesture would compromise federal habeas corpus. Accordingly the court finds that the petitioner Ronald Collins has exhausted his state remedies.[9] The respondent's motion to dismiss the petitioner's second ground for relief for failure to exhaust is denied.[10]

IT IS SO ORDERED.

---

**9.** As discussed earlier the respondent has argued that defense attorneys may, because of this decision, withhold grounds from Ohio appellate courts so as to get a *de novo* review in federal court. The court can see no possible reason for this to be done, because it would simply have the effect of limiting a defendant to one review, and chance for reversal, instead of two. *See also* fn. 10, *infra.*

**10.** The court reserves for future decision the question of whether, by not raising the issue on direct appeal in Ohio courts and thereby losing the right to raise it, he also lost the right to raise it in federal habeas corpus. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594, fn. 12 (1977).