The STATE of Ohio, Appellee,

v.

JACOBS, Appellant.

[Cite as *State v. Jacobs* (1994), 94 Ohio App.3d 256.]

Court of Appeals of Ohio,
Logan County.

No. 8–93–28.

Decided April 12, 1994.

*Gerald L. Heaton,* Logan County Prosecuting Attorney, for appellee.

*Earl Ralph Jacobs, pro se.*

EVANS, Judge.

This is an appeal by Earl Ralph Jacobs ("appellant") from a judgment of the Court of Common Pleas of Logan County denying his petition for postconviction relief.

On November 8, 1962, following a jury trial, appellant was convicted of taking the life of a police officer, in violation of former R.C. 2901.04. Appellant was represented by counsel at trial. No appeal was filed from the conviction and sentence.

In 1978, appellant filed a motion requesting leave to file a delayed appeal. Appellant's motion was supported by his own affidavit, wherein he claimed he failed to timely appeal his conviction and sentence because he was not informed by the trial court or counsel that he had a right to appeal. On July 24, 1978, this court overruled appellant's motion, stating as follows: "Upon consideration the court finds the motion of defendant Earl Ralph Jacobs for leave to appeal not to be well taken for the reasons set forth in brief [*sic*] of the State of Ohio filed July 17, 1978." Appellant asserts that an appeal from this judgment was taken to the Supreme Court, which that court dismissed for lack of prosecution on February 23, 1979.

On July 31, 1992, appellant filed a petition for postconviction relief in the Court of Common Pleas of Logan County, pursuant to R.C. 2953.21. The state of Ohio filed a motion to dismiss the petition on August 5, 1992. Appellant was permitted by the court to file his memorandum in opposition to the state's motion to dismiss, and on October 12, 1993, the court dismissed appellant's petition, finding appellant's claims meritless, in that appellant failed to show that he was prejudiced by this court's 1978 denial of his motion for leave to appeal, since the matters raised by the petition for postconviction relief were previously considered by this court, and appellant failed to support his contention that his conviction is void or voidable on constitutional grounds. See R.C. 2953.21(A).

Appellant has challenged the trial court's decision, asserting that the court erred in dismissing his petition. Appellant presents the following contentions:

"The court erred in permitting the use of the confession made without benefit of counsel which was used during the preliminary hearing and trial without first making any effort to ascertain the voluntariness of the confession.

"The court erred in failing to appoint counsel during the critical stage of the prosecution and the preliminary hearing when the right to counsel was noticed by the court.

"The court of common pleas erred in ruling that the issues raised in the petition for post conviction was [sic] the same issues resolved by this court on appeal. The brief in the appeal was improperly before the court which lacked authority to rule."

Appellant first contends that his constitutional right to an attorney was violated by the court's failure to appoint counsel to represent him at his preliminary hearing in July 1962.[1]  Appellant also asserts that he was denied his right to appeal by the trial court's failure to inform him of this right.[2]  Finally, appellant contends that he was unfairly prejudiced by the trial court's permitting introduction of his confession into evidence during the 1962 trial, when the incriminating statements were obtained "without the benefit of either counsel, or *Miranda* rights warnings," in violation of the United States Supreme Court's holdings in *Escobedo v. Illinois* (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.[3]  Moreover, in support of his petition for postconviction relief, appellant argued that, *Miranda* and *Escobedo* notwithstanding, the fact still remains that his confession was obtained by coercion, and that he received ineffective assistance of counsel in that counsel permitted the coerced confession to be admitted as

1.  Appellant's contention would not be not well taken, on the authority of *State v. Parrott* (1971), 27 Ohio St.2d 205, 56 O.O.2d 124, 272 N.E.2d 112, syllabus, wherein the court held as follows:

"The rule announced in *Coleman v. Alabama* [1970], 399 U.S. 1 [90 S.Ct. 1999, 26 L.Ed.2d 387], that a preliminary examination is a critical stage of the criminal process during which a defendant's right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution, and that a denial of counsel at that stage invalidates a subsequent conviction unless the denial of counsel can be shown to be harmless error, is not retroactively applicable."

2.  Appellant bases this contention on the holding in *State v. Sims* (1971), 27 Ohio St.2d 79, 56 O.O.2d 45, 272 N.E.2d 87, syllabus, which provides:

"In the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an appeal could be taken, a Court of Appeals must make such a factual determination before it dismisses a motion for leave to appeal."

However, the holding of *Sims* was later limited in its application, and thus is not to "be given retroactive application to a cause under review in which the time for filing a direct appeal" had expired several years earlier.  *State v. Leroy* (1972), 30 Ohio St.2d 138, 59 O.O.2d 153, 283 N.E.2d 136, syllabus.

3.  Again, we note that appellant's claim is not viable on the ground asserted.  In *Johnson v. New Jersey* (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 the Supreme Court held that the rules of *Miranda* and *Escobedo* were applicable only to those cases in which trial began after the decisions were announced.  Since appellant was tried and convicted in 1962, the violations complained of would have occurred prior to the decisions setting forth the procedures which must now be followed in criminal proceedings.

evidence against him at trial.[4]

■ Appellant's petition for relief from judgment was filed pursuant to R.C. 2953.21, which provides in relevant part:

"(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *

" * * * *

"(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

" * * * *

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment."

As noted by the federal district court in *Riley v. Havener* (N.D.Ohio 1974), 391 F.Supp. 1177, "[t]he Ohio Supreme Court has given this statute an extremely limited application by applying the doctrine of *res judicata* to petitions seeking such relief." *Id.* at 1179, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. The Supreme Court had held:

" 'Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal from that judgment.* ' " *State v. Benton* (1971), 27 Ohio St.2d 87, 90, 56

---

4. These assertions were made on behalf of appellant by the public defender in the "Supplemental Memorandum in Opposition to Plaintiff's Motion to Dismiss Defendant's Petition for Relief After Judgment."

O.O.2d 49, 51, 272 N.E.2d 92, 94 quoting *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, syllabus.

Accordingly, we find that most of appellant's claims are *res judicata;* we therefore affirm the trial court's judgment on appellant's claims that the court erred in failing to appoint counsel at the preliminary hearing and in failing to inform him of his right to appeal. *Perry,* 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109.

■ However, we conclude that the public defender, on behalf of appellant, has raised a cognizable claim in the petition which arises *dehors* the record in this case. We find persuasive the opinion of the Second District Court of Appeals in *State v. Clemmons* (1989), 58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706, wherein the court stated, as follows:

"A prisoner who files a petition for post-conviction relief is entitled to a hearing thereon unless the petition and the files and record of the case show that the prisoner is entitled to no relief. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. If evidence determinative of any material issue raised in the petition or affidavits is outside the record, *an evidentiary hearing or summary judgment proceeding is required.*[5] *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304.

"If the trial court finds no grounds for a hearing, the court *is required to make and file findings of fact* and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition. *State v. Lester* (1975), 41 Ohio St.2d 51, 55, 70 O.O.2d 150, 152, 322 N.E.2d 656, 659. Failure to make findings of fact and conclusions of law is prejudicial error. *State v. Brown* (1974), 41 Ohio App.2d 181, 70 O.O.2d 349, 324 N.E.2d 755." (Emphasis added.)

Accordingly, we find that the trial court erred in failing to follow the mandates of R.C. 2953.21, which requires the court to either make and file written findings of fact and conclusions of law upon dismissal of the petition, or to hold a hearing on the petition. In this case, it was not possible for the trial court to determine from the record before it whether appellant's claims of coercion in obtaining the confession used to convict him were valid. The court therefore improperly dismissed the petition without holding a hearing or otherwise permitting the parties to support their positions with further evidence, such as affidavits of

---

5. Although the court purported to rule as if on a summary judgment motion pursuant to R.C. 2953.21(D), the procedural history of the case indicates that neither appellant nor the state filed such a motion, nor was either party given notice by the court that it should respond as if on motion for summary judgment. See R.C. 2953.21; Civ.R. 12(B) ("All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.").

witnesses to the behavior of the officers while obtaining the confession, on a motion for summary judgment.

Therefore, having found prejudice to the appellant herein, in the particulars assigned and argued, we sustain the assignment of error and reverse the trial court's summary dismissal of the petition for postconviction relief. The case is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.