Defendant-appellant, Antonio Fontes, appeals from the judgment by the Common Pleas Court of Union County denying Fontes' Motion for Post Conviction Relief.
Following a jury trial in September of 1997, Fontes was convicted of one count of Aggravated Burglary, a violation of O.R.C. Section 2911.11(A)(1), and one count of Rape, a violation of R.C. Section 2907.02(A)(1). On October 9, 1997, Fontes was sentenced accordingly. With the assistance of counsel, Fontes appealed his conviction to this Court, asserting five assignments of error. On November 11, 1998, this Court overruled each of Fontes' assignments of error and affirmed the judgment of the trial court.
Prior to this Court issuing its opinion on the direct appeal, Fontes, with the aid of counsel, filed a Petition to Vacate or Set Aside the Sentence in the trial court. Fontes asserted various grounds for his petition for post conviction relief, including ineffective assistance of trial counsel and deprivation of counsel at the preliminary hearing. On September 10, 1998, the trial court dismissed each of Fontes' claims, with one exception. Following a hearing on November 30, 1998, the trial court dismissed the remaining claim and denied Fontes' petition for post conviction relief in its entirety. It is from this denial that Fontes now appeals, raising two assignments of error for our review. Each assignment of error will be addressed in turn.
Assignment of Error No. 1:
 THE COURT ERRED IN FINDING THAT THE APPELLANT WAS NOT IMPERMISSIBLY DENIED THE RIGHT TO COUNSEL AT HIS PRELIMINARY HEARING.
Essentially, Fontes asserts the trial court erred by failing to rule he was denied his right to counsel at a critical stage of the prosecution, in violation of his right to due process.
Appellant's motion for relief from judgment was filed pursuant to R.C. Section 2953.21. This Court has noted that "[t]he Ohio Supreme Court has given this statute an extremely limited application by applying the doctrine of res judicata to petitions seeking such relief." State v. Jacobs (1994), 94 Ohio App.3d 256,640 N.E.2d 608 (citations omitted). The Ohio Supreme Court held:
 "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'"
State v. Benton (1971), 27 Ohio St.2d 87, 90, 56 O.O.2d 49, 51,272 N.E.2d 92, 94 (emphasis omitted) quoting State v. Perry
(1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, syllabus; see also State v. Szefcyk (1996), 77 Ohio St.3d 93,95, 671 N.E.2d 233, following Perry.
An exception to the res judicata bar is when the petitioner presents competent, relevant and material evidence outside of the record that was not in existence and available to the petitioner in time to support the direct appeal. State v. Cole (1982),2 Ohio St.3d 112, 114, 2 OBR 661, 663-664, 443 N.E.2d 169, 171. To overcome the res judicata bar, the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. Cole, syllabus. Additionally, the evidence must meet a minimum level of cogency to support the claim. Cole, 2 Ohio St.3d at 115, 2 OBR at 664,443 N.E.2d 172.
In this case, a preliminary hearing was held before the Municipal Court on or about November 11, 1996. The trial court found Appellant did not have an attorney in attendance at that hearing. Following an indictment by the Union County Grand Jury, Appellant was convicted on September 7, 1997, and he thereafter perfected a direct appeal of the judgment of conviction to this Court. In his direct appeal, Appellant did not allege as an assignment of error deprivation of counsel at the preliminary hearing.
Fontes had the assistance of new legal representation when he perfected his direct appeal to this Court. Nothing precluded Fontes from raising on direct appeal, as an assignment of error, the alleged lack of due process because of deprivation of counsel at a critical stage in the proceedings but he did not do so. Absent an exception to the doctrine of res judicata, Fontes is barred from raising the issue here.
The record does not reveal, and Appellant fails to allege, that the issue of ineffective assistance could only be decided on competent, relevant and material evidence outside of the record that was not in existence and available to the him in time to support the direct appeal. Fontes could have appealed the deprivation of counsel claim based solely on the information contained within the original trial record. Had the issue been properly before this Court on Fontes' direct appeal, we would have been required to look no further than the trial record to decide the issue. Likewise, if the issue were now properly before this Court, we would be required to look no further than the trial record to decide the issue.
The record indicates Appellant could have raised the issue of deprivation of counsel at the preliminary hearing on his direct appeal. Further, Appellant has failed to demonstrate any exception to the doctrine of res judicata. Therefore, we hold Appellant's first assignment of error is barred by res judicata.
In the event Appellant's first assignment of error were properly before this Court, the assignment would be without merit. The preliminary hearing is for the purpose of determining whether there is sufficient evidence to constitute probable cause that the crime has been committed so as to permit the matter to be submitted to a grand jury, commonly called "bindover" to the grand jury. When the Grand Jury returns an indictment, the preliminary hearing becomes superfluous. This Court has held "the general rule is that a subsequent indictment by a grand jury renders any defects in the preliminary hearing moot. * * * `Any alleged defects in the initial hearing were cured by the subsequent indictment.' * * * `Likewise, once an indictment has been approved the preliminary proceedings are not subject to either direct or collateral attack because the defendant has been afforded an independent determination that a prima facie case exists.'"State v. Gott (June 28, 1990), Auglaize App. No. 2-88-19, unreported. (citations omitted); see also State v. Washington
(1986), 30 Ohio App.3d 98, 99-100, 506 N.E.2d 1203.
The events of the November 11, 1996, preliminary hearing were rendered moot by the subsequent indictment by the grand jury on February 7, 1997. Any alleged defects in the preliminary hearing, including deprivation of counsel, were cured by the indictment and such defects are not subject to direct or collateral attacks. Consequently, the trial court did not err in denying Fontes' petition for post conviction relief.
Assignment of Error No. 2:
 THE COURT ERRED IN HOLDING THAT COUNSEL WAS NOT INEFFECTIVE AT TRIAL.
A post-conviction petition alleging ineffective assistance of trial counsel may be dismissed based upon the doctrine of resjudicata where the petitioner had new counsel on direct appeal and the claim of ineffective assistance of counsel could have been raised on direct appeal without resort to evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus.
Initially we note that Fontes' trial counsel was different from the counsel who represented him on direct appeal. Consequently, absent a showing that the issue of ineffective assistance of counsel could not have been raised on direct appeal without resort to evidence outside the record, Fontes is barred by the doctrine of res judicata from raising the issue here.
In his petition for post-conviction relief as well as in his brief to this Court, Fontes cites numerous events upon which he bases his assertion of ineffective assistance of counsel. Without exception, each alleged event occurred during the course of the trial. Similarly without exception, none of Appellant's claims are based on evidence outside the record. Had the issue been properly before this Court on Fontes' direct appeal, we would have been required to look no further than the trial record to decide the issue. Likewise, if the issue were now properly before this Court, we would be required to look no further than the trial record to decide the issue.
Nothing in the record indicates, and Appellant fails to allege, that the issue of ineffective assistance of trial counsel could not have been raised on direct appeal. Further, Appellant has failed to demonstrate any exception to the doctrine of resjudicata. Therefore, we hold Appellant's second assignment of error is barred by res judicata.
Accordingly, we find both of Appellant's assignments of error are barred by res judicata. The judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and HADLEY, JJ., concur.