OPINION
On February 13, 1998, Petitioner-Appellant, Ira N. Chaiffetz, was found guilty of one count of Conspiracy to Commit Murder and thereafter sentenced to serve a nine-year prison term. This Court affirmed appellant's conviction on June 17, 1999. On February 1, 1999, prior to this Court's decision on his direct appeal, Appellant filed a post-conviction petition pursuant to R.C. 2953.21.
On March 3, 1999, the trial court entered its Judgment Entry denying an evidentiary hearing and dismissing the petition for post-conviction relief for lack of substantive grounds. Included in the Judgment Entry were extensive findings of fact and conclusions of law. It is from this Judgment Entry that Appellant now appeals, assigning fourteen assignments of error.
Appellant's motion for relief from judgment was filed pursuant to R.C. Section 2953.21, et seq. The purpose of post-conviction relief is set forth in R.C. 2953.21, which provides in pertinent part as follows:
 Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
Post-conviction relief is intended to provide a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States Constitution or the Ohio Constitution. Freeman v. Maxwell, Warden (1965), 4 Ohio St.2d 4,210 N.E.2d 885; State v. Lester (1975), 41 Ohio St.2d 51, 56,322 N.E.2d 656. This Court has noted "[t]he Ohio Supreme Court has given this statute an extremely limited application by applying the doctrine of res judicata to petitions seeking such relief."State v. Jacobs (1994), 94 Ohio App.3d 256, 640 N.E.2d 608
(citations omitted). The Ohio Supreme Court held:
 "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' "
State v. Benton (1971), 27 Ohio St.2d 87, 90, 272 N.E.2d 92, 94
(emphasis omitted) quoting State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, syllabus; see also State v. Szefcyk (1996),77 Ohio St.3d 93, 95, 671 N.E.2d 233, following Perry. "Post-conviction review is a narrow remedy, since res judicata
bars any claim that was or could have been raised at trial or on direct appeal." State v. Steffen (1994), 70 Ohio St.3d 399, 410,639 N.E.2d 67, 76.
A proper claim for post conviction relief under R.C. 2953.21
arises when the petitioner presents competent, relevant and material evidence outside of the record that was not in existence and available to the petitioner in time to support the direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, 114,443 N.E.2d 169, 171. Claims based upon evidence which could not have been presented in the original proceedings and, thus, could not be in the record, are not barred by res judicata. Id. However, the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. Cole, syllabus. Additionally, the evidence must meet a minimum level of cogency to support the claim. Cole,2 Ohio St.3d at 115, 443 N.E.2d at 172. A convicted defendant must therefore assert claimed constitutional errors affecting his conviction arising solely from matter outside the record.
An appeal of a judgment denying post-conviction relief is reviewed for the trial court's abuse of discretion by its entry. Abuse of discretion connotes more than simple legal error. Instead, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.
We note that R.C. 2953.21 does not provide an alternative track for direct appeal of a criminal conviction and sentence. Neither is a petition for post-conviction relief a substitute for a direct appeal, nor a means of an additional or supplementary direct appeal of such conviction and sentence. We reiterate that the fundamental premise of a post-conviction petition is to afford a criminal defendant the opportunity to raise alleged constitutional infirmities that could not have been raised at trial or on direct appeal.
Although we are mindful that Appellant filed the post-conviction petition prior to this court issuing its opinion on direct appeal, we note that Appellant apparently misconstrues the function of post-conviction relief. As discussed fully infra, the majority of the issues raised by Appellant in his petition for post-conviction relief were, in substance, raised on direct appeal or could have been raised on direct appeal. Appellant now couches the same issues in a constitutional context in an effort to revisit issues that have or could have been decided. The issues that were decided on direct appeal and now recast in a constitutional argument are ideal examples of issues barred by the doctrine of res judicata. To the extent arguments could have been raised on direct appeal and are now cast in conclusions of constitutional effect, they are likewise barred by res judicata
and have been waived by failing to raise them on direct appeal.
We read Appellant's assignments of error as arguably presenting two constitutional errors for this Court to review, ineffective assistance of counsel and the withholding of exculpatory evidence by the prosecutor. Assignments of error 1, 4, 9, 11, 13, and 14 all advance alleged errors by trial counsel that Appellant now asserts deprived him of due process at trial. Each of the aforementioned assignments of error was or could have been raised on direct appeal. Again, a post-conviction proceeding is not a vehicle for casting previously decided issues in a constitutional light or for advancing errors that counsel failed to raise on direct appeal. Assignment of error 6, addressing the exculpatory evidence issue, was in fact presented and decided on direct appeal. Simply cloaking the same assignment of error in constitutional garb does not allow appellant to now raise the issue in a post-conviction context.
In light of the above discussion, we now address appellant's assignments of error directly. In the interest of clarity, the assignments of error will be addressed out of order.
Assignment of Error Number Six
 Appellant was deprived of his rights of confrontation, compulsory process and a fair trial by the withholding of exculpatory evidence by the prosecution that materially affected the outcome of his trial.
 Assignment of Error Number Nine
 Appellant was deprived of his right to counsel, right to present his defense to the jury and right to fair trial when Appellant's trial attorney failed to request a statutorily mandated co-conspirator credibility instruction pursuant to R.C. 2923.01(H) (2).
 Assignment of Error Number Eleven
 Appellant was deprived of his right to counsel and right to a fair trial when Appellant's trial attorney failed to request an accomplice credibility jury instruction.
Appellant fails to allege that the issues asserted in these respective assignments of error could only be decided on competent, relevant and material evidence outside of the record that was not in existence and available to him in time to support the direct appeal. He has presented no evidence outside the record in support of either allegation. In fact, in his direct appeal, Appellant claimed as error the substance of these issues relating to exculpatory evidence and the jury instructions. Appellant asserted the following errors in his direct appeal:
 The trial court erred by sealing documents prior to the cross-examination of Victor Gatto which were tendered to the court by the prosecutor pursuant to Appellant's demand for discovery. Appellant was not permitted to inspect the documents. If the documents contain Brady material or inconsistencies with Gatto's trial testimony, Appellant's conviction must be reversed.
 The trial court erred when it failed to give the jury instruction mandated by R.C. 2923.01(H) (2) regarding the credibility of co-conspirator testimony.
 The trial court committed plain error by failing to instruct the jury that the testimony of jail-house informant Gatto was required to be viewed with caution and weighed with great care.
The doctrine of res judicata precludes a defendant from raising and litigating in any proceeding except an appeal from that judgment any defense or claimed lack of due process that was raised at the trial or on an appeal from that judgment. Although couched in somewhat different terms, the record indicates Appellant in fact raised the substance of these issues concerning exculpatory evidence and the jury instructions in his direct appeal. Therefore, we hold Appellant's sixth, ninth and eleventh assignments of error are barred by res judicata.
Assignment of Error Number One
 Appellant was deprived of his right to counsel, right to present his defense to the jury and right to a fair trial when Appellant's attorney unilaterally withdrew Appellant's entrapment defense over Appellant's objection.
 Assignment of Error Number Four
 Appellant was deprived of his right to effective assistance of counsel and his rights of confrontation, compulsory process and a fair trial by his attorney's failure to interview Appellant's former attorney concerning his prior investigation of the case.
 Assignment of Error Number Thirteen
 Appellant was deprived of his right to the effective assistance of counsel and his right to equal protection and due process by his counsel's failure to properly preserve his objections pursuant to Batson v. Kentucky to the prosecution's exercise of peremptory challenges.
 Assignment of Error Number Fourteen
 The trial court erred by holding that Appellant was barred by the doctrine of res judicata from raising the claim that counsel's failure to properly preserve his objections pursuant to Batson v. Kentucky to the prosecution's exercise of peremptory challenges deprived him of his right to effective assistance of counsel, his right to a jury trial and a fair trial.
The record indicates Appellant could have raised each of these respective issues in his direct appeal. Appellant fails to allege that any of the issues asserted could only be decided on competent, relevant and material evidence outside of the record that was not in existence and available to him in time to support the direct appeal. He has presented no competent evidence outside the record in support of any of these claims.
The doctrine of res judicata precludes a defendant from raising and litigating in any proceeding except an appeal from that judgment any defense or claimed lack of due process that could have been raised at the trial or on an appeal from that judgment. The record reveals Appellant in fact could have raised the substance of the issues we are here concerned with at trial or in his direct appeal. Therefore, we hold Appellant's first, fourth, thirteenth, and fourteenth assignments of error are barred by res judicata.
We note that with respect to the first assignment of error, Appellant attached an affidavit to his post-conviction petition that essentially asserted Appellant wanted to maintain the entrapment defense at trial and his attorney disregarded that desire. With respect to the fourth assignment of error, Appellant attached to his petition an affidavit from Arnold White, Appellant's original trial counsel, wherein Mr. White asserted that he had interviewed a former attorney of Mr. Gatto's as well as Mr. Gatto himself. Concerning Mr. Gatto and his former attorney, Mr. White stated: "[b]oth, it seemed to me at the time, could be have been useful witnesses for trial (sic)." Mr. White further stated that, following the interview with Mr. Gatto, Mr. White was of the impression that Mr. Gatto would recant the information he had given the State regarding Appellant if Mr. Gatto did not receive an alleged promise of parole.
Both affidavits, taken in their respective contexts with nothing more, are insufficient evidence to demonstrate that Appellant could not have appealed the constitutional claims based on the information in the original trial record. The affidavits arguably suggest ineffective assistance of counsel, a claim that, although raised here, could have been raised at trial or on appeal. Assuming the affidavits collectively or singularly implicate such a claim, neither alleges conduct indicative of an unreasonable attorney. At most, the affidavits suggest a difference in opinion; each affidavit amounts to mere second-guessing of trial tactics. Therefore, neither affidavit is relevant to a post-conviction petition.
The affidavits do not contain or allege evidence that was not otherwise in existence and available to Appellant in time to support the direct appeal. In fact, both affidavits concern information and assertions that relate to activities occurring before or during trial and such information was certainly readily available and accessible to Appellant prior to his direct appeal. Consequently, neither affidavit is sufficient to overcome the resjudicata bar.
Assignment of Error Two
 The trial court erred by not granting Appellant the opportunity to pursue discovery and by refusing to grant an evidentiary hearing concerning the issue of the withdrawal of Appellant's entrapment defense over Appellant's objection.
 Assignment of Error Number Five
 The trial court erred by not granting Appellant the opportunity to pursue discovery and by refusing to grant an evidentiary hearing on the issue of the failure of Appellant's counsel to interview Appellant's prior attorney and utilize the prior attorney's investigation of the case.
 Assignment of Error Number Seven
 The trial court erred by not granting Appellant the opportunity to pursue discovery and by refusing to grant an evidentiary hearing concerning the issue of whether the prosecution withheld material, exculpatory evidence from the defendant.
As each of these assignments of error concern the denial of discovery and an evidentiary hearing on the post-conviction petition, they will be addressed jointly. Post-conviction petitions are special civil actions governed exclusively by statute. There are no provisions in the statute for a post-conviction petitioner to obtain discovery. State v. Smith
(1986), 30 Ohio App.3d 138, 140, 506 N.E.2d 1205, 1207-1208. A petition for post-conviction relief is not a discovery vehicle for post-conviction purposes or otherwise.
A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. A trial court has a statutory duty to ensure that a petitioner adduces sufficient evidence to warrant a hearing. State v. Kapper (1983),5 Ohio St.3d 36, 448 N.E.2d 823; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819; R.C. 2953.21(C). The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, any supporting affidavits and the files and records of the case. Jackson, 64 Ohio St. at 110. Self-serving and conclusory statements, without evidence to support the allegations, are insufficient and do not require the court to conduct an evidentiary hearing. See State v. Cole
(1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
As the relevant statutory provisions do not allow for discovery during the post-conviction process, we discern no abuse of discretion by the trial court in denying Appellant the opportunity to pursue discovery. Further, as Appellant's assignments of error are barred by the doctrine of res judicata, we hold that the trial court did not abuse its discretion by denying Appellant an evidentiary hearing. Accordingly, Appellant's second, fifth, and seventh assignments of error are respectively overruled.
Assignment of Error Number Three
 The trial court erred by holding that Appellant was barred by the doctrine of res judicata from raising the claim that the withdrawal of his entrapment deprived him of his right to effective assistance of counsel and a fair trial.
 Assignment of Error Number Eight
 The trial court erred by holding that Appellant was barred by the doctrine of res judicata from raising the claim that the prosecution withheld material, exculpatory evidence.
 Assignment of Error Number Ten
 The trial court erred by holding that Appellant was barred by the doctrine of res judicata from raising the claim that the failure to request a statutorily mandated co-conspirator instruction deprived him of his right to effective assistance of counsel and a fair trial.
 Assignment of Error Number Twelve
 The trial court erred by holding that Appellant was barred by the doctrine of res judicata from raising the claim that the failure to request an accomplice credibility jury instruction deprived him of his right to effective assistance of counsel and a fair trial.
In light of our holding herein, the trial court was correct to hold Appellant's claims were barred by res judicata. Accordingly, Appellant's third, eighth, tenth, and twelfth assignments of error are overruled.
Having found no error prejudicial to Appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.