OPINION
Appellant, Charles L. Lorraine, appeals a decision of the Trumbull County Court of Common Pleas denying his postconviction relief petition brought pursuant to R.C. 2953.21. In 1986, appellant was convicted of the murders of Raymond and Doris Montgomery and given a death sentence. On appeal, this court affirmed the trial court's decision in State v. Lorraine
(Aug. 10, 1990), Trumbull App. No. 3838, unreported, ("Lorraine
I"). The Supreme Court of Ohio affirmed our decision in State v.Lorraine (1993), 66 Ohio St.3d 414. The United States Supreme Court denied certiorari in appellant's case on January 10, 1994.
On September 30, 1994, appellant filed a postconviction relief petition in the trial court. Appellee, the State of Ohio, responded to the application by filing a "Motion for Judgment" pursuant to R.C. 2953.21(C). The trial court denied appellant's petition without a hearing and filed findings of facts and conclusions of law on January 5, 1995. Appellant appealed that decision to this court. In State v. Lorraine (Feb. 23, 1996), Trumbull App. No. 95-T-5196, unreported, ("Lorraine II"), we upheld the trial court's decision denying postconviction relief.
On April 10, 1996, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) in the trial court. On the following day, April 11, 1996, appellant appealed this court's decision in Lorraine II to the Supreme Court of Ohio. At the same time, appellant filed a motion in the Supreme Court of Ohio to stay the proceedings before it and remand the case to the trial court to resolve the Civ.R. 60(B) motion that had been filed the previous day. On May 8, 1996, the Supreme Court overruled appellant's motion for a stay and remand. On May 24, 1996, the trial court overruled appellant's motion for relief from judgment. Appellant then appealed the trial court's decision to overrule his Civ.R. 60(B) motion. In State v. Lorraine (Dec. 12, 1997), Trumbull App. No. 96-T-5494, unreported, ("Lorraine III"), this court reversed and remanded the trial court's decision, holding that the trial court was without jurisdiction to decide appellant's Civ.R. 60(B) motion while the original postconviction relief motion was on appeal to the Supreme Court of Ohio. In the interim, the Supreme Court dismissed appellant's appeal ofLorraine II based upon the lack of a substantial constitutional question.
Upon remand of Lorraine III, the trial court granted appellant's Civ.R. 60(B) motion on April 10, 1998. Subsequently, on May 3, 1999, the trial court denied, for a second time, appellant's postconviction relief petition without a hearing.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred in denying appellant an evidentiary hearing, discovery, supplementation of the record, and expert assistance, on the claims raised by his Section 2953.21 petition for post-conviction relief in a capital case, depriving appellant of an effective process to protect his rights under the Fifth, Sixth, Eighth
and Fourteenth Amendments to the United States Constitution.
 "2. The trial court erred in its application of the doctrine of res judicata to the claims for relief raised by appellant, depriving this appellant of any state court process to cure constitutional violations in a capital proceeding.
 "3. The trial court erred in denying appellant's claims of ineffective assistance of counsel, depriving this capital appellant of any state court process to correct violations of the rights he is guaranteed under the Fifth, Sixth, Eighth
and Fourteenth Amendments to the United States Constitution.
 "4. When denying this capital petition under Code Section 2953.21, the trial court erred by merely adopting the findings of fact and conclusions of law submitted by the prosecution, depriving appellant of a process to effectively protect the rights he is guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
 "5. The trial court erred in following the pattern and practice of Ohio courts in failing to provide an adequate protective process for federal constitutional claims brought under the post-conviction statute in capital cases, in violation if (sic) appellant's rights under (sic) Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution."
In the first assignment of error, appellant contends that the trial court erred in denying him an evidentiary hearing, discovery, supplementation of the record, and expert assistance, on the claims he raised in this postconviction relief petition.
Before addressing appellant's arguments on their merits, we note that we have already addressed many of appellant's arguments relating to the denial of his 1994 postconviction relief petition in Lorraine II. Hence, much of this opinion will look similar to our decision in Lorraine II.
First, appellant argues that it was error to deny his postconviction relief petition without conducting an evidentiary hearing. R.C. 2953.21 provides, in relevant part:
 "(C) Before granting a hearing on a petition filed under division (A) of this section, the court shall determined whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
"(D)
* * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *."
 Thus, it is clear that a trial court is permitted to dispose of a postconviction relief petition without conducting a hearing. As this court stated in State v. Hill (June 19, 1995), Trumbull App. No. 94-T-5116, unreported, at 4:
 "[I]f the court can resolve the averments contained within the petitioner's request based upon the material contained within the petition, and the files and records, it may properly dismiss the matter without conducting a hearing. State v. Milanovich (1975), 42 Ohio St.2d 46."
Additionally, the Supreme Court of Ohio has held that the doctrine of res judicata is applicable in postconviction relief proceedings. In State v. Perry (1967), 10 Ohio St.2d 175, the court held:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Id. at paragraph nine of the syllabus. (Emphasis sic.)
In the case sub judice, appellant asserts that he raised claims in his postconviction relief petition that went beyond the record and, thus, required the trial court to conduct an evidentiary hearing. Appellant cites toState v. Jacobs (1994), 94 Ohio App.3d 256, for support. A number of those claims involve allegations of ineffective assistance of trial counsel. The issue of ineffective assistance of counsel, however, was raised and addressed in Lorraine II. Appellant claims that because all of his prior counsel worked for the public defender's office, they were, for all practical purposes, the same attorney and, thus, unable to raise an ineffective assistance of counsel claim on direct appeal. This argument was specifically rejected by the Supreme Court of Ohio in State v. Lentz (1994), 70 Ohio St.3d 527
. There, the court stated:
 "We hold that when a criminal defendant is represented by two different attorneys from the same public defender's office at trial and on direct appeal, res judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record, unless the defendant proves that an actual conflict of interest enjoined appellate counsel from raising a claim of ineffective assistance of trial counsel on direct appeal." Id. at 529.
Appellant had different counsel on appeal than he had at trial and, thus, could have raised any claims of ineffective assistance in his original direct appeal. See State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Appellant has failed to establish an actual conflict of interest. Accordingly, appellant's claim of ineffective assistance of counsel must fail and the trial court did not err in denying appellant an evidentiary hearing as to this claim.
Next, appellant argues that he was wrongfully denied the opportunity to conduct discovery. We previously addressed this exact issue in Lorraine II, stating:
 "In State v. Smith (1986), 30 Ohio App.3d 138, the Ninth District Court of Appeals held that R.C. 2953.21 does not permit the use of interrogatories in determining whether a hearing is warranted in a post-conviction proceeding. Id. at 140. Instead, the burden is on the petitioner to submit evidentiary documents containing sufficient operative facts to demonstrate his claim and to merit a hearing. It is well established that the power to conduct and compel discovery is not included within the trial court's statutorily-defined authority. State v. Lott (Nov. 3, 1994), Cuyahoga App. Nos. 66388, 66389, 66390, unreported; State v. Zuern
(Dec. 4, 1991), Hamilton App. Nos. C-900481, C-910229, unreported; State v. Robison (June 19, 1989), Pickaway App. No. 88 CA 15, unreported." Id. at 10-11.
Based upon our reasoning in Lorraine II, we again conclude that since the postconviction relief petition was dismissed without a hearing, appellant was not entitled to conduct discovery.
Next, appellant argues that the trial court erred in refusing to allow him to supplement the record. Pursuant to R.C.2953.21(F), however, a petitioner may only supplement the petition with leave of court after the state has filed an answer. Thus, a trial court has discretion in granting or denying leave to amend.State v. Phillips (Feb. 3, 1999), Summit App. No. 18940, unreported, citing Wilmington Steel Products, Inc. v. ClevelandElec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-122.
In the present case, appellant sought to supplement the record with the deposition testimony of his trial attorneys in an effort to strengthen his claim of ineffective assistance of trial counsel. For reasons already discussed, however, appellant's claim of ineffective assistance of counsel must necessarily fail. Additionally, it is clear that appellant's petition was filed on September 30, 1994, and contained numerous claims of ineffective assistance of counsel. Four years later, and after the petition was rejected by the trial court, and after that decision was affirmed by this court in Lorraine II, appellant filed his petition to supplement the record. It appears as though appellant is improperly attempting to get a second bite at the apple. Under these circumstances, we must conclude that the trial court did not abuse its discretion by denying appellant's request to supplement the record.
The final claim raised by appellant under his first assignment of error is that the trial court erred by denying him access to expert assistance in pursuing his postconviction relief petition. A similar argument, however, was raised and rejected by this court in State v. Williams (Oct. 16, 1998), Trumbull App. No. 97-T-0153, unreported. There, we stated, at 9:
 "The right to expert assistance is linked to the constitutional right to counsel. See State v. Richey (1992), 64 Ohio St.3d 353, 359. Because postconviction proceedings are civil in nature, a petitioner has no constitutional right to court-appointed counsel. State v. Mapson (1987), 41 Ohio App.3d 390, 391. Consequently, a petitioner would have no corresponding right to expert assistance. If the trial court grants a hearing, a petitioner may have a statutory right to legal representation by the public defender's office if his petition is found to have arguable merit. State v. Crowder (1991), 60 Ohio St.3d 151, paragraphs one and two of the syllabus; R.C. 120.16."
Thus, since appellant in this case was not entitled to a hearing, he was not entitled to expert assistance. Hence, the trial court properly denied his request. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in its application of the doctrine ofres judicata. The issue of res judicata was addressed in our analysis of appellant's first assignment of error and will not be repeated here. The trial court did not err in its application ofres judicata. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred in denying his claims of ineffective assistance of counsel.
This issue was previously addressed during our analysis of appellant's first assignment of error and it was previously addressed in detail in Lorraine II. Simply stated, appellant had different attorneys for his trial than for his direct appeal. Additionally, there is nothing new that could not have been raised by his attorneys in his direct appeal. Hence, appellant's claims of ineffective assistance of trial counsel have been waived. Appellant's third assignment of error is without merit.
In his fourth assignment of error, appellant maintains that the trial court erred by merely adopting the findings of fact and conclusions of law submitted by the state. This argument, however, was raised and rejected in Lorraine II, wherein we stated:
 "In State v. Sowell (1991), 73 Ohio App.3d 672, * * * the First District Court of Appeals determined that the trial court's adoption of the state's findings of fact and conclusions of law does not, by itself, deprive the petitioner of a meaningful review of his petition for post-conviction relief. Id. at 676. See, also, State v. Powell (1993), 90 Ohio App.3d 260, 263, State v. Murphy (May 12, 1995), Marion App. No. 9-94-52, unreported. We agree. Without showing that the trial court failed to comply with its statutory duty pursuant to R.C. 2953.21(C), appellant has failed to show that the trial court acted inappropriately by merely agreeing with the state." Id. at 8-9.
Appellant asserts that the trial court in the instant cause failed to comply with its statutory duty pursuant to R.C. 2953.21(C) which requires a court to "consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings * * * including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript * * *." A review of the trial court's judgment entry, however, reveals that the trial court, in fact, met its statutory duty. The trial court stated that it considered:
 "Defendant-Petitioner Charles L. Lorraine's `Petition to Vacate or Set Aside Judgment and/or Sentence Pursuant to Ohio Revised Code Annotated Section 2953.21' filed on September 30, 1994; Defendant-Petitioner's `Amendment to Petition to Vacate of (sic) Set Aside Judgment and/or Sentence Pursuant to Ohio Revised Code Annotated Section 2953.21;' the entire record in Trumbull County Common Pleas Court Case No. 86-CR-182; the direct appeals in Eleventh District Court of Appeals Case No. 3838 and Supreme Court of Ohio Case No. 90-1927 [reported at 66 Ohio St.3d 414 (1993)]; the State's `Motion for Judgment Pursuant to R.C. 2953.21(C),' and `Petitioner's Memorandum in Opposition to Respondent's Motion for Judgment under R.C. 2953.21(C).'" (Emphasis added.)
Thus, it is apparent that the trial court based its decision on all relevant documents, contrary to appellant's assertion. Hence, appellant's fourth assignment of error is without merit.
In the fifth assignment of error, appellant contends that the trial court erred in following the pattern and practice of Ohio courts in failing to provide an adequate protective process for federal constitutional claims brought pursuant to the postconviction relief statute in capital cases. We disagree.
In State v. Wiles (1998), 126 Ohio App.3d 71, this court was presented with a similar argument. First, we noted that this argument should be made in an original action for habeas corpus and not in a direct appeal from the dismissal of a petition for postconviction relief. Id. at 83. We then concluded that the Supreme Court of Ohio has already determined that the statutory procedure for postconviction relief constitutes an adequate remedy in the ordinary course of the law. Id. at 84, citing, Freeman v.Maxwell (1965), 4 Ohio St.2d 4. Nothing has changed our position on this issue.
Appellant's fifth assignment of error is without merit.
 ______________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs with Concurring Opinion, CHRISTLEY, J., concurs.